UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HOME BUILDERS ASSOCIATION     CIVIL ACTION NO. 09-cv-1679
OF NORTHWEST LOUISIANA

VERSUS

WILLIAM D. MARTIN, ET AL     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Introduction**

      Home Builders Association of Northwest Louisiana ("Plaintiff"), which serves as an advocate and representative of its member businesses, holds an annual Parade of Homes. As part of its advertising for the event, Plaintiff commissioned a map of the City of Shreveport that showed the location of each showcased home. The map, referred to in the complaint as the copyrighted material, was published in SB Magazine in 2004 and was used by Plaintiff on later occasions as well.

      Macola, LLC does business as Owner Builder. William Martin and Deborah Cox are members of Macola. The LLC, Martin, and Cox are alleged to have copied the copyrighted material and used it as part of the promotional material for an Owner Builder tour of homes. Plaintiff filed this civil action, alleging that the use of its map was copyright infringement and violated the Louisiana Unfair Trade Practice Act ("LUTPA").

Defendants have filed a Motion for Partial Summary Judgment (Doc. 16) that is now before the court. For the reasons that follow, the motion will be granted in part and denied in part.

**Title 17 Issues**

The copyright infringement count in the complaint seeks relief including statutory damages and attorney fees under Title 17. Defendants request summary judgment with respect to the claim for statutory damages and attorney fees because (1) the remedies are not available if infringement commenced before the effective date of registration of the copyrighted work, (2) the alleged copyright violations occurred in June 2009, and (3) Plaintiff did not register its map with the U.S. copyright office until July 20, 2009. Plaintiff responds in its memorandum that it does not dispute that it registered the copyrighted material after the initial infringement, and Plaintiff does not make any argument that it is nonetheless entitled to recover statutory damages or attorney fees under Title 17. Accordingly, all claims for statutory damages and attorney fees under Title 17 will be dismissed.

**LUTPA**

Defendants attacked the LUTPA claim on the grounds that Plaintiff has no proof it is a business competitor of Defendants. The argument, however, was based on a Fifth Circuit Erie interpretation of Louisiana law that is no longer valid in light of Cheramie Services, Inc. v. Shell Deep Water Production, Inc., 35 So.3d 1053 (La. 2010).

Defendants, in their reply memorandum, conceded that it appears Cheramie has changed the law they relied upon. Defendants then offer a new argument that the LUTPA claims should be dismissed because Plaintiff cannot establish an "ascertainable loss of money or movable property" that is an element of the claim. See La.R.S. 51:1409(A). The Fifth Circuit deems arguments raised for the first time in a reply brief to be waived. Some district courts follow the same approach. See Iteld, Bernstein & Associates, LLC v. Hanover Ins. Group, 2009 WL 2496552, *4 (E.D. La. 2009). When arguments are raised for the first time in a reply, it invites supplemental briefing and unduly complicates the litigation. That has happened here, and there have been a number of post-reply submissions by the parties stirred by this new argument. The court will, despite the extra briefing, deem the issue waived so as to discourage the practice in the future.

**Martin and Cox**

Defendants seek summary judgment on the claims that Mr. Martin and Ms. Cox are individually liable. Cox and Martin assert that Plaintiff has no evidence to support a finding of personal liability against them. Cox, in particular, asserts that there is no proof she ever dealt with any issues related to the alleged copyrighted work.

Mr. Martin testified at his deposition that he, Ms. Cox, and another investor formed Macola to operate the owner/builder business. The ownership was originally one-third each, but Mr. Martin bought out the other investor and has owned two-thirds membership interest for the last few years. The LLC employs a receptionist, and its funds are used to operate the

owner/builder business. Mr. Martin or Ms. Cox may occasionally front an expense for the business, but Macola reimburses them.

Mr. Martin said that in 2009 he took a copy of a map from Plaintiff's 2004 Parade of Homes program, sent it to SB Magazine, and asked for a similar design for his advertisement. He stayed involved with SB as the ad was developed. He testified that Ms. Cox was on leave of absence from the business during 2009 and had nothing to do with the advertisements that resulted in this litigation. Plaintiff's response points to no evidence except an advertisement in SB Magazine that referred to Martin and Cox as the "owners of the Owner Builder program since 2004," without reference to Macola.

Louisiana law provides that no member of an LLC is liable "in such capacity" for a debt or liability of the LLC except as otherwise set forth in the law. La. R.S. 12:1320(B). This statute also provides that it shall not be construed as being in derogation of any rights which any person may by law have against a member because of any fraud, breach of professional duty, or other negligent or wrongful act by the member. § 1320(D). A similar statute protects corporate officers and shareholders. The jurisprudence has developed that, based on principles of agency law, officers and other agents of the corporation who act within the scope of their corporate duties are not liable in a commercial context to third parties for debts of the corporation. However, the statute does not shield a corporate officer from personal negligence merely because he is on the job when he commits a tort. If the officer or member runs a red light and causes an accident, he may be held personally

responsible for his negligence even though he was acting in the course of his duties at the time and the corporation is also liable. See, e.g., Regions Bank v. Ark-La-Tex Water Gardens, LLC, 997 So.2d 734, 740-41 (La. App. 2d Cir. 2008), writ denied, 5 So.3d 119 (La. 2009) (design professional held personally liable for negligent work because he was not acting solely in his capacity as a member of his LLC when he did the work).

The parties did not address the potential individual liability of the members under copyright law. "Since copyright is a strict liability tort, there is no corporate veil: all individuals who participate in the infringement are jointly and severally liable with others, including the company, for the damages caused to the plaintiff." 6 Patry on Copyright § 21:81. Courts within this circuit have held that corporate officers may be held jointly and severally liable if the officer has a financial stake in the infringing activity and can supervise the activity causing the infringement. Red Giant, Inc. v. Molzan, Inc., 2009 WL 2242349, *5 (S.D. Tex. 2009); Metered Music, Inc. v. Powell Meredith Communications Co., 2005 WL 525224, *3 (N.D. Tex. 2005).

Ms. Cox has directly challenged Plaintiff to create a genuine issue of material fact with regard to her liability, and all Plaintiff has pointed to is a reference in an ad to Martin and Cox as "owners" of the Owner Builder program since 2004. That advertising copy is inadequate to create a genuine issue in the face of clear testimony that Ms. Cox had nothing to do with the alleged copyright violation and could not have supervised the matter when she was on leave of absence during the relevant time. She is entitled to summary judgment.

The court declines to grant summary judgment to Mr. Martin. The facts regarding his involvement in the alleged copyright violation show that he had extensive involvement. The record suggests he had a financial stake in the alleged infringing activity and did supervise the activity causing the alleged infringement. With respect to the Louisiana law claim, most Louisiana officer or member cases have arisen in the context of a breach of contract or tort claim, but it is not readily apparent how the claim against Mr. Martin would be addressed under Louisiana law. The better course, given the uncertainties, is to allow this claim to proceed to trial along with the other claims not attacked by the motion. The issue can then be decided upon a fully developed record.

For the reasons set forth above, the Defendants' **Motion for Partial Summary Judgment (Doc. 16)** is **granted in part** as follows: All of Plaintiff's claims for statutory damages and attorney fees under Title 17 are **dismissed**, and all claims against Deborah M. Cox are **dismissed**. The motion is **denied** in all other respects.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of December, 2010.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE